Frederic I. Berkley, Esq.
Nevada Bar No.: 1798
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
fberkley@sklar-law.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## For the

## DISTRICT OF NEVADA

### Southern Division

| | | |
|---|---|---|
| Marc C. Gordon and Cynthia Callendar Gordon, dba Sleep Master, | ) ) ) | |
| Plaintiffs, | ) | **AMENDED COMPLAINT** |
| V. | ) | |
| Ontel Products Corporation, a New Jersey corporation, dba Sleep 8, Sleep 8 Light-Eliminating Sleep Mask, www.buysleep8.com and www.buysleepeight.com; and World Pack USA, LLC, a Nevada limited liability company, dba www.worldpackusa.com;  and DOES 1-20, | ) ) ) ) ) ) ) ) | Civil Action No. 2:14-cv-441

**DEMAND FOR JURY TRIAL** |
| Defendants. | | |

//

1

# AMENDED COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND DILUTION, UNFAIR COMPETITION, UNFAIR AND DECEPTIVE TRADE PRACTICES, MISAPPROPRIATION

Plaintiffs above-named allege and complain as follows:

## General Allegations

1. Plaintiffs seek redress for Defendants' acts of patent infringement, trade dress infringement and dilution, unfair competition, unfair and deceptive trade practices and misappropriation.

2. Plaintiffs are citizens of the State of Nevada, and reside in Las Vegas, Nevada. Plaintiffs are doing business as Sleep Master, Sleep Master™, Sleep Master® and Revolutionary Patented Sleep Master Sleep Mask.

3. Plaintiffs are the owners of a United States Patent for their Sound Muffling Sleep Mask, United States Patent Number D 465,234 S, issued November 5, 2002, hereafter referred to as the "Patent."

4. Plaintiff Marc Gordon is the inventor of the Patent and Plaintiffs, under the Patent design, are, and at all times since the subject Patent was issued have been, the sole manufacturer of the Sleep Master sleep mask, also known as Revolutionary Patented Sleep Master Sleep Mask, Sleep Master® and Sleep Master™ Sleep Mask, hereafter referred to as the "Sleep Master Sleep Mask," photographs of which is attached hereto and incorporated herein as **Exhibit 1**. The primary photographic brand image of Sleep Master Sleep Mask, used throughout the Internet and its marketing materials, is attached hereto and incorporated herein as **Exhibit 2**.

5. Plaintiffs have not assigned, licensed, encumbered, sold or otherwise transferred any right to the Patent, and have always been the sole owners of the Patent.

6. On information and belief, Defendant Ontel Products Corporation is a New Jersey corporation doing business as Sleep 8, Sleep 8 Light-Eliminating Sleep Mask, www.buysleep8.com, www.buysleepeight.com, and www.worldpackusa.com, among other DBAs, and is hereafter referred to as "Ontel Products."

7. On information and belief, Defendant Ontel Products is the manufacturer, importer, distributor and/or retailer of the sleep masks named Sleep 8 and Sleep 8 Light-Eliminating Sleep Mask, among other names, and under any name, all of such masks are the same or substantially identical sleep masks, and are hereafter collectively referred to as the "Sleep 8 Mask," or the "infringing mask," an image thereof, captured from www.buysleep8.com in or about March, 2014, is attached hereto and incorporated herein as **Exhibit 3**.

8. On information and belief, Defendant Ontel Products is marketing and selling the infringing Sleep 8 Mask, to the general public, on the Internet and other media and locations, in interstate commerce, individually or in concert with Defendant World Pack USA, LLC on the websites www.buysleep8.com, www.buysleepeight.com, and www.worldpackusa.com among other locations, and is generally advertising its sale of the Sleep 8 Mask generally on the Internet and other media.

9. On information and belief, Defendant World Pack USA, LLC is a Nevada limited liability company and is doing business as Sleep 8, Sleep 8 Light-Eliminating Sleep Mask, www.buysleep8.com, www.buysleepeight.com, and www.worldpackusa.com, among other DBAs, and is hereafter referred to as "World Pack USA."

10. On information and belief, Defendant World Pack USA is the manufacturer, importer into the United States, distributor and/or retailer of the Sleep 8 Mask.

11. On information and belief, Defendant World Pack USA is marketing and selling the infringing Sleep 8 Mask, to the general public, on the Internet and other media and locations, in interstate commerce, individually or in concert with Defendant Ontel Products, on the websites www.buysleep8.com, www.buysleepeight.com, and www.worldpackusa.com, among other locations, and is generally advertising its sale of the Sleep 8 Mask on the Internet and other media.

12. The true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiffs at this time. Plaintiffs are informed and believe and, on that basis allege, that each of the Defendants named as a DOE defendant was an agent, servant, co-owner, and/or employee of each of the other named Defendants and, at all times herein, acted

within the course and scope of their agency and/or employment with the authority, express direction, knowledge and consent of the named Defendants. Plaintiffs will amend this Complaint when the identities of the DOE Defendants become known.

13. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant each of the Defendants, whether DOE Defendants or otherwise, acted within a common plan and contributed to the injuries suffered by Plaintiffs as hereinafter alleged. All such Defendants were the agents and/or employees of the remaining Defendants and at all times acted within the course and scope of that agency relationship and with the knowledge, consent and ratification of the remaining Defendants.

## Jurisdiction and Venue

14. Jurisdiction is appropriate in this Court under the Act of June 25, 1948, 62 Stat. 869, U.S.C., Title 28, Section 1338(a), as hereinafter more fully appears.

15. This Court further has subject matter jurisdiction under 28 U.S.C, § 1331 because these claims arise under federal law and involve the violation of federal statutes.

16. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiffs' related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367. The amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has personal jurisdiction over the Defendants because each Defendant, either individually or as part of an agreement, has: (a) offered, sold, advertised, and provided on-line services to people residing in Nevada via its websites, and is conducting electronic commerce with residents of Nevada and this District; (b) maintains and has maintained continuous and systematic contacts with Nevada and this District over a period of time; (c) purposefully availed itself of the benefits of doing business in Nevada and this District: (d) and has a warehousing, distribution or customer service operation in Nevada and this District. Accordingly, Defendants, and each of them maintain minimum contacts with Nevada and this District that are more than sufficient to subject the Defendants to service of process in compliance with due process of law.

18. Venue is proper in this District pursuant to 28 U.S.C. §1391 (a), (b)(2) and (c), because at all times relevant hereto, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, including but not limited to: (a) Defendants transacted business, were found, or acted through subsidiaries or agents present in this District, engaged in advertising in this District, and solicited sales of their infringing Sleep 8 Mask in this District; (b) a substantial part of Plaintiffs claims occurred in this District; and (c) Defendants are subject to the personal jurisdiction of this District as set forth above as of the commencement of this action.

## FIRST CLAIM FOR RELIEF – PATENT INFRINGEMENT

19. Plaintiffs repeat and re-allege paragraphs 1 through 19 of this Complaint, and incorporate same as though fully set forth herein.

20. Plaintiffs own and have owned the Patent throughout the period of Defendants' infringing acts. Pursuant to the exclusive rights granted by the Patent, Plaintiffs have been manufacturing, marketing, and selling the Sleep Master Sleep Mask sound muffling sleep mask since 2001 in interstate and international commerce.

21. Defendants have infringed and are infringing the Patent by making, selling, and using the Sleep 8 Mask that embodies the Patent, and the Defendants will wrongfully and unlawfully continue to do so unless enjoined by this Court.

22. Plaintiffs have complied with the statutory requirement of placing a notice of the Patent and its U.S. patent number on sewn-in tags and product packaging, continuously since the patent was issued, on the Sleep Master Sleep Mask.

23. On information and belief, Defendants' infringement on Plaintiffs' Patent has caused, and continues to cause, damages to Plaintiffs, and has deprived Plaintiffs of sales and loss of profits and loss of royalties in an amount in excess of $75,000.00, subject to proof at time of trial.

24. Defendants, and each of them, have been unjustly enriched by retaining proceeds from the sales of the infringing Sleep 8 Masks.

//
//

25. Plaintiffs will continue to suffer damages unless Defendants are enjoined and restrained by this Court from continuing to sell the infringing Sleep 8 Mask. Plaintiffs have no adequate remedy at law.

26. Plaintiffs have retained legal counsel to prosecute this matter and will incur attorney fees in an amount subject to proof at the time of trial.

## SECOND CLAIM FOR RELIEF – TRADE DRESS INFRINGEMENT AND DILUTION; UNFAIR COMPETITION

27. Plaintiffs repeat and re-allege paragraphs 1 through 26 of this Complaint, and incorporate same as though fully set forth herein.

28. This is an action at law and in equity for trade dress infringement and dilution, injury to business reputation, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*(2004) ("Lanham Act"); the antidilution laws of the several states, including the State of Nevada; the fair business practices and unfair and deceptive trade practices acts of the several states, including the State of Nevada; and the common law.

29. Defendants are offering for sale and selling the Sleep 8 Mask which is a confusingly similar imitation of Plaintiffs' Sleep Master Sleep Mask trade dress. Defendants' Sleep 8 Mask is not manufactured by Plaintiffs, nor are Defendants connected or affiliated with, or authorized by Plaintiffs in any way. Defendants' Sleep 8 Mask is causing, and is likely to continue causing, confusion and to deceive consumers and the public regarding its source, and dilutes and tarnishes the distinctive quality of Plaintiffs' trade dress.

30. Plaintiffs are currently, and for years have been, one of the world's leading manufacturers, distributors and sellers of a unique, distinctive, exclusive and patented sound muffling sleep mask known as the Sleep Master Sleep Mask. Since 2001, the unique design, color, and appearance of Sleep Master Sleep Mask came to represent valuable goodwill and trade dress, and to signify the quality and reputation of one of the world's top selling and most popular sleep masks (hereafter referred to as "Sleep Master Sleep Mask trade dress").

//

31. Sleep Master Sleep Mask is a famous sleep mask featuring a distinctive design, color and appearance that identifies to consumers that the origin of the product lies with the Plaintiffs.

32. Since introducing the Sleep Master Sleep Mask, over many years, Plaintiffs have spent thousands of hours of work and thousands dollars promoting the product and its appearance. As a result of Plaintiffs' continuous and exclusive use of the Sleep Master Sleep Mask trade dress in connection with its product, the Sleep Master Sleep Mask trade dress enjoys wide public acceptance and association with Plaintiffs, has enjoyed extensive media coverage, recognition and accolades, positive customer reviews and testimonials, and is well known and favorably recognized to consumers worldwide as an indicator of the origin of Sleep Master Sleep Mask.

33. Defendants have appropriated the Sleep Master Sleep Mask' distinctive design and the Sleep Master Sleep Mask trade dress without Plaintiff's permission and without compensation to Plaintiffs.

34. As a result of Plaintiffs' extensive use and promotion of its Sleep Master Sleep Mask trade dress, Plaintiffs have built up and now own valuable goodwill that is symbolized by the Sleep Master Sleep Mask trade dress. The purchasing public has come to associate the Sleep Master Sleep Mask trade dress with Plaintiffs. The Sleep Master sleep mask trade dress elements are distinctive, non-functional and have achieved significant secondary meaning.

35. The blue color element of the Sleep Master sleep mask, among other of its non-functional inherently distinctive design elements, has come to distinguish Sleep Master Sleep Mask from other sleep masks on the market.

36. Defendants have caused to be manufactured, imported, distributed, sold, and offered for sale, the Sleep 8 Mask in interstate commerce. Defendants' Sleep 8 Mask is a confusingly similar imitation of Plaintiffs' Sleep Master Sleep Mask trade dress in design, color, and appearance.

37. The Sleep 8 Mask manufactured, distributed, offered for sale, and sold by Defendants is not manufactured by Plaintiffs, nor are Defendants associated or connected with Plaintiffs, or licensed, authorized, sponsored, endorsed, or approved by Plaintiffs in any way.

38. Plaintiffs used the Sleep Master Sleep Mask trade dress extensively and continuously before Defendants began using a confusingly similar imitation.

39. The Sleep 8 Mask sold by Defendants is similar to and competes with Plaintiffs' Sleep Master Sleep Mask, and the parties' products are sold through overlapping channels of trade.

40. Defendants' use of a confusingly similar imitation of Plaintiffs' Sleep Master Sleep Mask trade dress is likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that the Sleep 8 Mask sold by Defendants is manufactured by, authorized by, or in some manner associated with Plaintiffs, which it is not. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiffs' Sleep Master Sleep Mask trade dress is causing irreparable harm to the goodwill symbolized by the Sleep Master Sleep Mask trade dress and the reputation for quality that Plaintiffs' Sleep Master Sleep Mask trade dress embodies.

41. Defendants' activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Defendants' Sleep 8 Mask at the point of sale or on a wearer are likely -- due to Defendants' use of a confusingly similar imitation of the Sleep Master Sleep Mask trade dress -- to mistakenly attribute the product to Plaintiffs. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendants' product and attribute it to Plaintiffs' Sleep Master Sleep Mask. This is also particularly damaging to the uniqueness and valuable reputation of the Sleep Master Sleep Mask brand and Plaintiffs' ability to control the public perception of its brand. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the Plaintiffs' Sleep Master Sleep Mask business and the goodwill symbolized by the Sleep Master Sleep Mask trade dress and the reputation for quality that it embodies.

42. Upon information and belief, Defendants continue to manufacture or import, use, distribute and sell the Sleep 8 Mask, a confusingly similar imitation of Plaintiffs' Sleep Master Sleep Mask trade dress that is directly competitive with the Sleep Master Sleep Mask.

Defendants began selling this imitation well after Plaintiffs had established protectable rights in Sleep Master Sleep Mask and its Sleep Master Sleep Mask trade dress.

43. On information and belief Defendants adopted advertising language, photographs, pictures and style intended to confuse consumers about the origin of the Sleep 8 Mask, by imitating and copying the language, photographs, pictures and style of Plaintiff's advertising of Sleep Master Sleep Mask.

44. On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of Plaintiffs' Sleep Master Sleep Mask and Sleep Master Sleep Mask trade dress.

45. Plaintiffs' Sleep Master Sleep Mask trade dress has acquired secondary meaning. Defendants' use of a knockoff duplicate and confusingly similar imitation of Plaintiffs' Sleep Master Sleep Mask trade dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' Sleep 8 Mask is manufactured or distributed by Plaintiffs, or are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

46. Defendants have made false representations, false descriptions, and false designations of the origin of its Sleep 8 Mask in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the Sleep Master Sleep Mask trade dress, for which Plaintiffs have no adequate remedy at law.

47. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Sleep Master Sleep Mask trade dress to the great and irreparable injury of Plaintiffs.

48. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

49. Plaintiffs have extensively and continuously promoted and used the Sleep Master Sleep Mask trade dress both in the United States and throughout the world, and the Sleep Master Sleep Mask trade dress has thereby become a famous and well-known indicator of the origin of Plaintiffs' Sleep Master Sleep Mask.

50. Defendants are making commercial use in commerce of Sleep Master Sleep Mask trade dress that dilutes and is likely to dilute the distinctiveness of Plaintiffs' Sleep Master Sleep Mask trade dress by eroding the public's exclusive identification of this famous trade dress with Plaintiffs, tarnishing and degrading the positive associations and prestigious connotations of the trade dress, and otherwise lessening the capacity of the trade dress to identify and distinguish Sleep Master Sleep Mask.

51. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Sleep Master Sleep Mask trade dress or to cause dilution of the Sleep Master Sleep Mask trade dress, to the great and irreparable injury of Plaintiffs.

52. Defendants have caused and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive Sleep Master Sleep Mask trade dress in violation of 15 U.S.C. § 1125(c), and Plaintiffs therefore are entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

53. As a result of Defendants' acts, Plaintiffs have been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Plaintiffs are entitled to injunctive relief, to an accounting of Defendants' profits, to damages, and to costs. Further, in light of the deliberately fraudulent and malicious use of a confusingly similar imitation of Plaintiffs' famous and distinctive Sleep Master Sleep Mask trade dress, and the need to deter Defendants from similar conduct in the future, Plaintiffs additionally are entitled to punitive damages.

//

//

54. Defendants conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of the United States, and of several states, including but not limited to, the State of Nevada.

### THIRD CLAIM FOR RELIEF – UNFAIR AND DECEPTIVE TRADE PRACTICES

55. Plaintiffs repeat and re-allege paragraphs 1 through 54 of this Complaint, and incorporate same as though fully set forth herein.

56. Defendants have been passing off their goods as those of Plaintiffs causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with another, and otherwise damaging the public. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce in violation of the unfair and deceptive practices in common law and statutes of several states.

### FOURTH CLAIM FOR RELIEF-- MISAPPROPRIATION

57. Plaintiffs repeat and re-allege paragraphs 1 through 56 of this Complaint, and incorporate same as though fully set forth herein.

58. Defendants have appropriated the Sleep Master Sleep Mask design, color, and appearance without the permission of and without compensating Plaintiffs causing injury to Plaintiffs, in violation of the common law and statutes of several states.

59. Plaintiffs have retained legal counsel to prosecute this matter and will incur attorney fees in an amount subject to proof at the time of trial.

**WHEREFORE, Plaintiffs pray as follows:**

1. For general damages in an amount of at least $75,000.00, according to proof at trial;

2. For a preliminary injunction restraining and enjoining Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them from infringing on Plaintiffs' Patent;

3. That a permanent injunction be granted perpetually restraining Defendants and all those in privity with them from further infringement of Plaintiffs' Patent;

4. That Defendants be ordered to account to Plaintiffs for Defendants' profits and all other unjust enrichment resulting from Defendants Patent infringement;

5. For a preliminary injunction restraining and enjoining Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them from infringing on Plaintiffs' trade dress, and from engaging in trade dress dilution and unfair competition; from passing off the Sleep 8 Mask as the Sleep Master Sleep Mask; from use of the Sleep Master Sleep Mask design, color and appearance;

6. That a permanent injunction be granted perpetually restraining Defendants and all those in privity with them from further infringement of Plaintiffs' trade dress, and from engaging in any further acts of trade dress dilution and unfair competition; from passing off the Sleep 8 Mask as the Sleep Master Sleep Mask; from use of the Sleep Master Sleep Mask design, color and appearance;

7. That Defendants be ordered to account to Plaintiffs for Defendants' profits and all other unjust enrichment resulting from Defendants' Patent infringement, trade dress infringement, from Defendants' acts in engaging in trade dress dilution and unfair competition, from passing off the Sleep 8 Mask as the Sleep Master Sleep Mask, misappropriation of the Sleep Master Sleep Mask design, color and appearance;

8. Based on Defendants' knowing and intentional use of a confusingly similar imitation of Plaintiffs' Trade Dress, that the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

9. Based on Defendants' willful and deliberate infringement and dilution of Plaintiffs' trade dress, for their willful and deliberate acts of unfair competition, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

10. For reasonable attorney fees;

11. For statutory interest from the date this Complaint is filed according to law;

12. For costs of suit; and

13. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues of fact and on all matters allowable to a trial by jury.

Date: March 25, 2014

*[signature]*

Frederic I. Berkley, Esq.
Nevada Bar No.: 1798
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone:  (702) 360-6000
Facsimile:   (702) 360-0000
fberkley@sklar-law.com
*Attorney for Plaintiffs*

**EXHIBIT "1"**





**EXHIBIT "2"**



**EXHIBIT "3"**

